IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Honorine Shiptrade S.A., | § |
| | § |
| Plaintiff, | § |
| | §  CIVIL ACTION NO.: |
| vs. | § |
| | §  IN ADMIRALTY, Rule 9(h) |
| Satellite DK LLC, | § |
| | § |
| Defendant, | § |
| | § |
| and | § |
| | § |
| Citibank National Association | § |
| Glencore Ltd. | § |
| GoDaddy.com, LLC | § |
| | § |
| Garnishees. | § |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Honorine Shiptrade S.A. ("Honorine") brings this action against Satellite DK LLC ("Satellite"") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).   Honorine further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for London maritime arbitration as provided for in the Charter Party referred to herein.

2.      Venue is proper in this District because the Garnishees are, within the meaning of Supplemental Rule B, located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Satellite's property is or soon will be in this District, because Garnishees are located or are found in this District.

4. Satellite cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

6. Honorine is a Marshall Islands corporation and the owner of the ocean bulk cargo vessel M/V HONORINE ("Vessel").

7. Satellite is a Florida LLC which is in the business of chartering vessels including for the transport of bulk cargoes such as grains and oils.

8. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Honorine reasonably believes hold accounts which are the property of and/or owing to Satellite.

## Facts

9. Honorine chartered the Vessel to Satellite on or about May 19, 2023 ("Charter Party" or "C/P"), commencing in Turkey, to sail to Ukraine to load grains and/or oils and then to proceed to Italy or Spain or another nearby location for discharge.

10. Under the Charter Party, Satellite agreed to pay Honorine damages for the time lost (detention and demurrage) at rates agreed in the Charter Party. The Charter Party further provides as follows:

> -"NOTICE OF ARRIVAL" TO BE DULY TENDERED UPON VSL'S ARRIVAL AT … SOUTH DARDANELLES INSPECTION PLACE DESIGNATED BY PORT AUTHORITIES FOR INSPECTION BY JCC BEFORE AND AFTER LOADING.  12 TOTAL DAYS FOR INWARD JCC INSPECTION … TO BE CONSIDERED AS GRATIS PERIOD.  TIME EXCEEDING 12 TOTAL DAYS FOR JCC INSPECTION TO COUNT DETENTION AS PER DEMURRAGE RATE SEPARATELY FROM LOAD PORT.  TIME STOP TO COUNT UPON INSPECTION COMPLETED.

-- SUB GRAIN INITIATIVE CORRIDOR WILL NOT BE PROLONGED OR CEASED IT WILL BE CONSIDERED AS FORCE-MAJEUR CURRENT C/P TO BE CONSIDERED AS NULL AND VOID BUT WAITING TIME FOR JCC INSPECTION BEFORE THE CEASE OF THE CORRIDOR TO BE PAID AS PER AGREED DETENTION RATE TO OWNERS.

-- DEMURRAGE – USD 13,000 PDPR / PER DAY OR PRO RATA' HDWTS BENDS.

11.     On May 21, 2023, the Vessel tendered Notice of Readiness, beginning the Charter Party, the Vessel arriving in the waiting area South Dardanelles in Turkey to await inspection to proceed on to the Black Sea.

12.     Satellite, however, failed to sail the Vessel for loading after May 21, 2023, and instead, the Vessel was delayed, requiring the payment of detention as Satellite agreed under the Charter Party.   On July 18, 2023, the Port of Odessa was attacked, the corridor for loading the Vessel terminated, and Satellite canceled the Charter Party.

13.     With Satellite's cancellation of the Charter Party, Honorine caused Satellite to be invoiced for detention in amount of $745,441.66, as Satellite had agreed under the Charter Party.

14.     Satellite has failed and refused to pay this invoiced amount to Honorine, despite repeated demand, and consequently owes Honorine damages as detailed below.

## Specific Allegations - Garnishees

15.     Honorine has received records showing that Satellite has made recent payments to vendors from accounts held by garnishee Citibank National Association.   Satellite also keeps its website, including by information and belief, associated data, with garnishee GoDaddy.com. Satellite, on its website, lists garnishee Glencore as a customer.   Honorine therefore reasonably believes that these Garnishees owe accounts to or hold property of Satellite.

### Count I – Breach of Contract – Security for Arbitration

17. Honorine repeats the foregoing paragraphs.

18. Satellite has breached its maritime contract with Honorine, namely, the Charter Party, by failing to pay Honorine amounts that Satellite has agreed to pay under the Charter Party despite repeated demand.   Satellite also will cause Honorine further expense of arbitration as the Charter Party provides, all for which Honorine seeks security by way of funds and other property held by Garnishees, as demanded below.

### Count II – Maritime Attachment and Garnishment (Rule B)

19. Honorine incorporates the above paragraphs as if fully set forth herein.

20. Honorine seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

21. No security for Honorine's claims has been posted by Satellite or anyone acting on its behalf.

22. Satellite cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction because of the presence of each Garnishee in this District, namely, accounts owed Satellite by garnishees, as specified for each Garnishee, *supra*.

### Prayer for Relief

WHEREFORE, Honorine prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of Satellite, including but not limited to, accounts payable owed or to be owed from garnishees to Satellite in the amount of at least **$1,095,441.66** ($745,441.66 for breach of the Charter Party as detailed above, plus a further amount for accrued and accruing

interest, costs and attorneys' and arbitrators' fees of at least $350,000 in security of Honorine's claims asserted or to be asserted by Honorine against Satellite in London Arbitration) upon that total amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

   B. That in response to Count II, since Satellite cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Satellite's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Honorine's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint;

   C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action; and

   D. That this Court award Honorine such other and further relief that this Court deems just and proper.

| | |
|---|---|
| **OF COUNSEL** | YOUNG CONAWAY STARGATT<br>& TAYLOR LLP |
| J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle, Ste. 230<br>Baltimore, MD 21030<br>Telephone:  (410) 783-5795<br>Facsimile:  (410) 510-1789<br>jssimms@simmsshowers.com | */s/ Timothy Jay Houseal*<br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6682<br>thouseal@ycst.com |

*Attorneys for Honorine Shiptrade S.A.*

Dated:   September 25, 2023

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Honorine Shiptrade S.A. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Honorine made available to me by Honorine. Honorine's authorized officers are not readily available in this District to make verifications on Honorine's behalf. I am authorized to make this verification on Honorine's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for defendant Satellite in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2023.

*/s/ J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Tel:  410-783-5795
Email: jssimms@simmsshowers.com